In the Matter of Supplementary Proceedings: Albert DeLuca and Olga DeLuca, Judgment Creditors, *v.* James F. O'Kelly, Judgment Debtor.

Supreme Court, Special Term, Queens County, March 31, 1942.

*Alexander W. Axelrod*, for the judgment creditors Albert DeLuca and Olga DeLuca.

*Daniel Frank* for a judgment creditor *in pro per.*

*John J. Ferril*, for the receiver.

*Sabbatino & Todarelli* [*Peter L. F. Sabbatino* of counsel], for the judgment debtor.

*William C. Chanler, Corporation Counsel,* for the city of New York.

HOOLEY, J. Motion by receiver of judgment debtor for order determining that several garnishee executions against the judgment debtor's salary have lapsed, pursuant to section 684 of the Civil Practice Act, and for other relief which would automatically follow such determination.

The judgment debtor, who was a city employee, was dismissed in 1938. In 1941 after lengthy litigation he was reinstated with full back salary. Prior to his dismissal there were several garnishee executions against his salary. Upon his reinstatement the city withheld an amount sufficient to cover the said executions from the time of his dismissal to the date of his reinstatement.

The sole issue on this motion is the effect of subdivision 6 of section 684 of the Civil Practice Act. That subdivision provides as follows: " No execution under this section shall be issued hereafter upon a judgment against an officer or employee of any city or any county of the state or of the board of education of any such city, unless it shall contain the name of the judgment debtor, in full, his title or position, and the bureau, office, department or subdivision thereof in which he is employed; *and if a person so employed shall resign or be dismissed while an execution issued pursuant to the provisions of this section is wholly or partly unsatisfied, and he be reinstated or reemployed, such execution shall lapse and no further deduction shall be made thereon unless such reinstatement or reemployment occur within ninety days after such resignation or dismissal * * *.*" (Italics supplied.)

The language employed is clear and unambiguous and clearly covers the situation involved herein. The judgment debtor was not reinstated within ninety days and in fact it was approximately three years from the date of his discharge to the date of reinstatement.

Accordingly the motion must be granted and the executions must be deemed to have lapsed. The argument by one of the judgment creditors that the section was not intended to cover a case where the dismissal was wrongful and where there was no loss of salary on reinstatement is forceful and has the sympathy of the court. However, that is an argument more properly to be addressed to the Legislature which can amend said section so as to cover such situation. This court must take the section as it finds it.

The motion directing the city to pay over is also granted.

Settle order on notice.